C. F. LONG ET AL. v. CONSUMERS LIGHT & HEATING COMPANY.

Decided April 17, 1909.

**Charge—Omission of Issues—Error.**

When, in a suit for damages for breach of a contract, the defendant plead and introduced evidence tending to show that the plaintiff had itself breached the contract in several respects, it was reversible error, because upon the weight of the evidence, for the court to ignore or eliminate some of the defenses so plead and proved by the defendant, and to authorize a verdict for the plaintiff if the jury found against the defendant on one or two of said defenses.

Appeal from the District Court of Tarrant County. Tried below before Hon. Mike E. Smith.

*Bryan & Spoonts,* for appellants.

*Capps, Cantey, Hanger & Short,* for appellee.

CONNER, CHIEF JUSTICE.—The following statement made by appellants is accepted by appellee as substantially correct and will be adopted, viz.: "This suit was instituted in the District Court of Tarrant County, Texas, by appellee against appellants, alleging

hat on November 5, 1906, appellee's assignor, the Traders Investment Company, contracted with appellants to furnish electric current and steam heat for the Delaware Hotel, owned by appellants, for one year, and appellants agreed to pay therefor $300 per month for said year; that thereafter on May 1, 1907, appellants authorized appellee to connect its electric lines with a certain sign and motor at said hotel and appellants agreed to pay therefor in addition to $300 per month, the sum of $22 per month during the balance of said contract; that thereafter, on July 1st, appellants breached the contract; that at the time of the breach appellants were indebted to the appellee in the sum of $644 for services rendered theretofore; that appellee was ready and willing to carry on said contract, but was not allowed to by appellants. Appellee further alleged that it would have made $150 per month during the balance of said contract but for appellants' breach; that in addition appellee alleged that it re-wired the said hotel building at an expense of $70 which appellants refused to pay, and prayed for judgment in the sum of $1,314.

"On May 25, 1908, appellants filed their first amended original answer, which consisted of special exceptions, general demurrer and general denial and, specially, that they had not breached the contract, but that appellee had breached the same by failing to furnish, according to the terms of said contract, hot and cold water for the hotel barber shop, bathrooms, toilets, and for use of the bar-room, by reason of which appellants sustained loss and damage by failing to have such water, in the sum of $744, on account of being compelled to reduce the price of the rent on said rooms. Further, that by reason of such breach on the part of appellee they were compelled to establish a hot water apparatus to carry on their business at an expense of $552, for which they prayed for judgment against appellee. Appellants further averred that the lighting furnished was very inferior and almost worthless by reason of which they were damaged in the sum of $500, for which they asked judgment against appellee. Appellants further specially pleaded that according to the contract appellee was to furnish an engineer or electrician to keep the lights in first-class condition, which they failed to do, damaging them in the sum of $350 which appellants plead over against appellee and asking for judgment, and further for failure of consideration.

"Appellee replied by supplemental petition, containing general and special exceptions, general denial and, specially, that there was no consideration for any agreement on its part to furnish hot and cold water or to furnish an engineer or electrician. The trial was had before a jury on May 28, 1908, resulting in a verdict and judgment against appellants in the sum of $744, $100 of which was for the reasonable profit to appellee during the remainder of said contract. Thereafter motion for new trial was filed and by the court overruled, to which appellants duly excepted in open court and gave notice of appeal. Statement of facts and appeal bond was properly approved and filed and assignment of errors was filed in the trial court, and the case is now properly before this court on the assignment of errors for determination."

We think the judgment must be reversed because the court gav
in charge to the jury, at appellee's request, the following special
instruction to which error is assigned, to wit: "If you believe from
the evidence in this case that R. C. Armstrong, Jr., representing the
Traders Investment Co., and M. D. Watson, representing Watson and
Long, made a verbal contract about Nov. 1, 1905, by the terms of
which the said Traders Investment Co. was not to furnish steam
heat for the purpose of heating the hotel operated by the defendants
after the 1st day of April, and was not to furnish an electric engineer
then you will find for the plaintiff, and assess the damages as charged
in the court's charge hereinbefore submitted to you."

This charge clearly eliminated, as appellants insist, the issue made
by both the pleading and evidence relating to the agreement to
furnish appellants hot water for use in the various rooms of their
hotel. It assumed that if the jury adopted appellee's contention in
the particulars pointed out, appellee was entitled to recover, regard-
less of appellants' plea and evidence to the effect that appellee had
violated the contract on its part to furnish hot water for baths, etc.
To this extent the charge was on the weight of the evidence and
erroneous.

We find no error in the action of the court in excluding testimony,
as complained of in appellants' second assignment, but for the error
in giving the special instruction the judgment must be reversed and
the cause remanded.

*Reversed and remanded.*

DUNKLIN, ASSOCIATE JUSTICE, *disqualified and not sitting.*